UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAYSHAWN J. STEVENS, | ) | CASE NO. 1:08 CV 2403 |
| | ) | |
| Petitioner, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| HARLEY G. LAPPIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On October 9, 2008, pro se petitioner Rayshawn J. Stevens filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Mr. Stevens, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), asserts that the Bureau of Prisons (BOP) violated his right to due process and equal protection when it determined he was ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) after successfully completing a Residential Drug Abuse Program (RDAP). As relief, he seeks a one year reduction on his prison sentence.

*Background*

Mr. Stevens was indicted in this court on July 7, 2005 and charged with violating 18 U.S.C. §922(g)(1), "Felon in Possession." See United States v. Stevens,1:05cr00333-001 (N.D. Ohio July 7, 2005(Aldrich, J.) He pleaded guilty to the charges and was sentenced on October 18, 2006 to 60 months imprisonment, with credit for time served.

On June 30, 2008, petitioner graduated from a residential substance abuse program at F.C.I. Elkton. Upon completion, BOP staff advised that he would not be entitled to a sentence reduction pursuant to 18 U.S.C. § 3621(2). The staff explained that 28 C.F.R. § 550.58(a)(1)(vi)(B) and BOP Program Statement 5162.04 excluded any inmate with a firearm conviction from eligibility for a § 3621(e) sentence reduction.

*Analysis*

In his petition before this court, Mr. Stevens poses the following two questions:

> I.  Has the Bureau of Prisons violated 5 U.S.C. § 553(b) and (d) and 5 U.S.C. § 706 when it promulgated 28 C.F.R. §550.58(a)(1)(vi)(B)(2000)?
>
> II.  Can the Bureau of Prisons deny inmates the 18 U.S.C. § 3621(e)(2)(B) sentence reduction based on 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) and the Bureau of Prisons' Program Statement 5162.04?

(Pet. at 4.) Petitioner maintains that the BOP failed to set forth a rationale for its decision to categorically exclude prisoners convicted of firearms violations from participation in the early release program. As such, he concludes that the final rule is invalid, citing the Ninth Circuit's opinion in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), which held that the BOP's 'categorical exclusion regulation' was invalid under the APA. He also cites extensively from Bohner v. Daniels, 243 F. Supp.2d 1171,1175 (D. Or. 2003), as well as the unreported Hobbs v. Hemingway, No. 04-CV-70678-DT (6th Cir. 2004) opinion, to further support his claim. Petitioner argues that courts have determined BOP P.S. 5162.04 violates the APA pursuant to 5 U.S.C. § 553(b) and (d) and 5 U.S.C. 706(2)(A). He concludes that the BOP's decision to exclude him from early release after he successfully completed the RDAP, is a violation of this right to due process and equal protection under the law.

Based on petitioner's interpretation of these opinions, he seeks an order granting him the one year early release pursuant § 3621(e). In the alternative, he requests a one year reduction to his term of supervised release.

*28 U.S.C. § 2241*

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998). Where, as here, petitioner's custodian is located within the Northern District of Ohio, this Court has personal and subject matter jurisdiction over his challenge to the BOP's determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e) (2)(B). See Perez v. Hemingway, 157 F. Supp.2d 790, 793 (E.D. Mich. 2001).

*Reduction of Sentence*

In its discretion, the BOP may reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program pursuant to 18 U.S.C. § 3621(e)(2)(B). The statute provides:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Id. The BOP's program statement denies an inmate "the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." P.S. § 5162.04, Categorization of Offenses. The Bureau adopted 28 C.F.R. § 550.58 as a guide for the implementation of the early release program. The regulation states, in pertinent part:

3

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> \* \* \*
> (vi) Inmates whose current offense is a felony:
> \* \* \*
> (B) that involved the carrying, possession, or use of a firearm.

28 C.F.R. § 550.58(a)(1)(vi)(B). Contrary to Mr. Steven's assertions, current case law in this district does not support his claim that he is entitled to habeas relief.

Petitioner's reasoning relies on the same disfavored opinion issued by the district court in Todd v. Scibana, 70 F.Supp.2d 779 (E.D.Mich.1999). In Todd, the district court held that the denial of a prisoner's eligibility for early release, based solely on a sentencing enhancement, violated the statute providing that prisoners convicted of "nonviolent offense" are potentially eligible for one year sentence reduction upon completion of a drug and alcohol treatment program.

The Sixth Circuit overruled Todd and held that, at the time the case was decided, "the district court did not have the benefit of a recent Supreme Court decision, which permitted the Bureau of Prisons to categorically exclude prisoners from a § 3621(e)(2)(B) sentence reduction based on their preconviction conduct. Lopez v. Davis, 531 U.S. 230, 244, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001)." Todd v. Scibana, No. 99-2182, 2001 WL 1136075 (6th Cir. Sept. 19, 2001). The Sixth Circuit reasoned that "an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Id. Thus, it is within the discretion of the BOP to categorically deny prisoners § 3621(e) early release based on preconviction conduct. Inasmuch as Mr. Stevens was a felon at the time he was in possession of a firearm, he would fall within the class of prisoners the BOP considers ineligible for early release under § 3621(e).

*APA Violations*

Section 553(b) of Title 5, United States Code, requires administrative rules to be published in the Federal Register. Publication of a substantive rule must be made no less than thirty days before its effective date. 5 U.S.C. § 553(d). The requirement of notice does not, however, apply "to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice...." 5 U.S.C. § 553(b)(3)(A).

Mr. Stevens's reliance on Hobbs is misplaced inasmuch as it is no longer good law based on more current decisions. See Sizemore v. Marberry, No. 04-CV-72282-DT, 2005 WL 1684132, at *1-4 (E.D.Mich. July 14, 2005)(considering more recent case law and different arguments than those set forth in Hobbs). While the Sizemore court acknowledged that it granted relief in the similar Hobbs case, it declined to reach a similar holding. Instead, Sizemore denied petitioner's habeas petition challenging a BOP decision not to reduce petitioner's sentence for successful completion of a residential drug abuse program. Sizemore noted that after the Hobbs opinion was issued, the Sixth Circuit published Dismas Charities, Inc. v. United States Dep't of Justice, Fed. Bureau of Prisons, 401 F.3d 666 (6th Cir.2005) wherein it distinguished between substantive rules and interpretative rules. The Sixth Circuit explained that, " '[f]or purposes of the APA, substantive rules are rules that create law,' while in contrast '[i]nterpretive rules merely clarify or explain existing law or regulations and go to what the administrative officer thinks the statute or regulation means." ' Id. at 679 (quoting First National Bank v. Sanders, 946 F.2d 1185, 1188-89 (6th Cir.1991).

The disputed "rule" in Sizemore was PS 5162.04, which is the same rule before this court. The district court in Sizemore explained that, "[t]he stated purpose and scope of the program

5

statement is to assist in the implementation of certain policies and programs of the BOP. See PS 5162.04 at 1. The objective of the program statement is to deny certain benefits if the inmate's underlying offense is deemed a crime of violence or is identified by the Director of the BOP as one that precludes receipt of program benefits." Id. at 2. The district court concluded that PS 5162.04 is an interpretive rule, not a substantive rule. The court continued that "[t]he program statement clarifies the statute and existing regulation and explains what the BOP thinks the statute and regulation mean. PS 5162.04 did not make law; rather, it says what the law is." Id. at 3. It is clear, therefore, that the BOP is not required to promulgate the program statement under the APA. Id. at 4.

*Conclusion*

Based on the foregoing, the petition is denied pursuant 28 U.S.C. § 2243. Further, the court certifies that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/Ann Aldrich (1-8-09)

ANN ALDRICH
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."